Suttongate Holdings Ltd. v Laconm Mgt. N.V. (2021 NY Slip Op 02229)





Suttongate Holdings Ltd. v Laconm Mgt. N.V.


2021 NY Slip Op 02229


Decided on April 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 08, 2021

Before: Webber, J.P., Mazzarelli, González, Mendez, JJ. 


Index No. 652393/15, 595290/17 Appeal No. 13557N Case No. 2019-04034 

[*1]Suttongate Holdings Limited, Plaintiff-Respondent,
v
Laconm Management N.V. et al., Defendants, Samir Andrawos et al., Defendants-Appellants. Laconm Management N.V., et al., Counterclaim Plaintiffs, Suttongate Holdings Limited et al., Counterclaim Defendants. [And a Third-Party Action]


Franzino & Scher LLC, New York (Frank J. Franzino Jr. and George du Pont of counsel), for appellants.
Thompson Hine, LLP, New York (Renee M. Zaytsev of counsel), for respondent.



Judgment, Supreme Court, New York County (Jennifer G. Schecter, J.), entered September 25, 2019, to the extent appealed from as limited by the briefs, in plaintiff's favor against defendant Andrawos, awarding plaintiff attorneys' fees, directing defendant (Andrawos) to comply with the loan agreement's requirement to secure plaintiff's loan through the establishment and registration of mortgages on certain properties, and superseding, replacing and vacating an order and judgment, same court (Charles E. Ramos, J.), entered December 21, 2018, unanimously affirmed, with costs.
In a prior appeal, this Court reinstated the dismissed first four causes of action, upholding the validity of the loan agreement and, as relevant herein, defendant's accompanying personal guarantee (Suttongate Holdings Ltd. v Laconm Mgt. N.V., 173 AD3d 618 [1st Dept 2019], lv dismissed 35 NY3d 983 [2020]). On remittitur, the trial court held the necessary "further proceedings " (see CPLR 5524[b]), and, in the ensuing judgment, enforced defendant's contractual commitment to plaintiff, thereby obeying the mandate of this Court precisely (see Glassman v ProHealth Ambulatory Surgery Ctr., Inc., 96 AD3d 799, 800 [2d Dept 2012], appeal dismissed 19 NY3d 1083 [2012]). Enforcement of the contractual commitment necessarily included reinstating the requirement that defendant obtain first mortgages on the properties securing the loan.
As the prevailing party, plaintiff was properly awarded attorneys' fees pursuant to the loan agreement and his guarantee (see Matter of Wiederhorn v Merkin, 98 AD3d 859, 863 [1st Dept 2012], lv denied 20 NY3d 855 [2012]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 8, 2021